UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC L. WHITE, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00118 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS PETITIONER'S UNTIMELY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

COMES NOW the United States of America, through undersigned counsel, and requests that this Court dismiss Petitioner's untimely motion to vacate for the following reasons:

1.  On January 27, 2022, Petitioner Eric L. White filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Doc. 1 ("Mot.").

2.  On February 27, 2020, White pleaded guilty to conspiracy to distribute 40 grams or more of fentanyl and possession with intent to distribute 500 grams or more of cocaine. *United States v. White*, No. 4:18-CR-974 AGF ("Crim. Case"), Doc. 188.  On November 12, 2020, this Court sentenced White to 102 months' imprisonment.  Crim. Case, Docs. 259, 261-262.  White did not appeal, and therefore, his conviction became final on November 27, 2020.[1]  Accordingly, his motion to vacate is not timely under the general one-year limitation period in section 2255(f)(1). *See Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019) (per curiam) ("Motions under § 2255 are subject to a one-year limitations period. In practice, this usually means that a prisoner must file a

---

[1] Because the last day of the 14-day period fell on the Thanksgiving holiday, the date becomes the first business day following the holiday, which is November 27, 2020.  *See* Fed. R. App. P. 26(a)(2) (time computation rules).

motion within one year of 'the date on which the judgment of conviction becomes final.'" (quoting 28 U.S.C. § 2255(f)(1))).

3. White argues that he was not remanded to federal custody until he self-surrendered to the United States Marshals on February 4, 2021. He argues that he has one year from that date of surrender to file his § 2255 claim. White is incorrect and this time frame is not recognized under § 2255(f). As stated above, under § 2255, a challenge must be filed within one year after a conviction becomes final. For purposes of § 2255(f)(1), the date the conviction becomes final is the date when the time for filing an appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). The time limit for filing an appeal is 14 days, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A). Additionally, White does not claim that his motion is filed under any of the remaining provisions of § 2255(f) and even so, none of those provisions apply. Thus, his claim is not timely under any of the enumerated exceptions identified in section 2255(f).

4. Accordingly, because White has failed to identify any ground on which his motion is timely, the Court should order him to show cause why his motion to vacate is not time barred and grant dismissal unless he is able to do so. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999); R. GOVERNING § 2255 PROCEEDINGS 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

WHEREFORE, the United States respectfully requests that this Court dismiss White's untimely motion to vacate after giving him the opportunity to respond to the instant motion to dismiss.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


/s/ *Erin Granger*
ERIN GRANGER, #53593MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
Erin.Granger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2022, a copy of the foregoing motion was served via First-Class U.S. Mail, postage prepaid, to:

**Eric L. White**
#48432-044
THOMSON USP
USP Thomson
P.O. Box 1002
Thomson, IL 61285

/s/ *Erin Granger*
ERIN GRANGER
Assistant United States Attorney