**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC L. WHITE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00118-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Eric L. White's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion appears to be time-barred. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily denied and dismissed.

**Background**

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Thomson, Illinois. On November 29, 2018, he was indicted on three counts: (1) conspiracy to distribute and possession with intent to distribute methamphetamine; (2) conspiracy to distribute and possession with intent to distribute fentanyl; and (3) conspiracy to distribute and possession with intent to distribute cocaine. *United States v. White*, No. 4:18-cr-00974-AGF-1 (E.D. Mo.). He pleaded guilty to counts two and three on February 27, 2020. On November 12, 2020, movant was sentenced to a total term of imprisonment of 102 months, as well as four years of supervised release. Count one was dismissed pursuant to the plea agreement. Movant did not file an appeal.

Movant filed the instant 28 U.S.C. § 2255 motion on January 25, 2022, by placing it in his prison's mailing system.[1] (Docket No. 1 at 12). In the motion, he alleges that he received ineffective assistance of counsel during the pretrial stages of his case, and ineffective assistance of counsel during sentencing. (Docket No. 1 at 4-5).

## Discussion

Movant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. For the reasons discussed below, the motion appears to be untimely. Therefore, movant will be directed to show cause as to why his motion should not be denied and dismissed.

### A. Preliminary Review

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of movant's 28 U.S.C. § 2255 motion. Specifically, the rule provides that: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Based on this rule, the Court has screened movant's motion.

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). The Court notes that movant has actually postdated his motion February 25, 2022. This was plainly an error, as the Court received the motion on January 27, 2022, at which point February 25, 2022 remained in the future. Based on the date it was received, along with the fact that movant's mailing envelope indicates that it was sent via FedEx two-day shipping, the Court has determined that movant filed his motion on January 25, 2022.

**B. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

**C. Timeliness Under 28 U.S.C. § 2255(f)(1)**

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

In this case, movant was sentenced on November 12, 2020. From that point, he had fourteen days to file an appeal, which he did not do. The fourteen-day deadline expired on November 26, 2020. On that date, movant's judgment became final. Under 28 U.S.C. § 2255(f)(1), movant had one year from November 26, 2020 in which to timely file his § 2255 motion. That period ended on November 26, 2021. Movant, however, did not file the instant motion until January 25, 2022, sixty days later.

Movant argues that his motion is timely because he "was not in Federal Custody until he self-surrendered on February 4, 2021." (Docket No. 1 at 10). Thus, he contends that he had "one year from the self-surrender date to file a timely § 2255 Motion." Movant provides no support for the proposition that the limitations period to file a 28 U.S.C. § 2255 motion begins when a person enters custody. Indeed, the statutory language regarding the one-year limitations period says nothing about custody, but specifically provides that the period begins running on "the date on which the judgment of conviction becomes final," which in this case is November 26, 2020. For these reasons, movant's motion appears to be untimely.

**D. Order to Show Cause**

As discussed above, it appears that movant's 28 U.S.C. § 2255 motion is untimely. Under § 2255(f)(1), movant's one-year limitations period expired on November 26, 2021, sixty days before he filed the instant motion. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this motion without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall file a written show cause response within **thirty (30) days** of the date of this order, stating why the instant 28 U.S.C. § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to file a written show cause response within **thirty (30) days** of the date of this order, stating why the instant 28 U.S.C. § 2255 motion should not be dismissed as time-barred, the motion will be denied and dismissed without further proceedings.

Dated this 22nd day of February 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE