**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC L. WHITE, | ) |
|        Movant, | ) ) ) |
| v. | ) )   No. 4:22-cv-00118-AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
|        Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Respondent United States' motion to dismiss Movant Eric White's motion for habeas relief under 28 U.S.C. § 2255. Having reviewed the Government's motion and Movant's response (Docs. 2 and 4), the Court finds that the Government's motion to dismiss should be granted, and Movant's motion for habeas relief should be dismissed as time barred.

### **Background**

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Thomson, Illinois. On November 29, 2018, he was indicted on three counts of conspiracy to distribute methamphetamine, fentanyl, and cocaine, respectively. *United States v. White*, No. 4:18-cr-00974-AGF-1 (E.D. Mo.). He pleaded guilty to counts two and three on February 27, 2020. On November 12, 2020, Movant was sentenced to a total term of imprisonment of 102 months, as well as four years' supervised release. Count one was dismissed pursuant to the plea agreement. Movant did not file an appeal.

Movant filed the instant habeas motion by placing it in the prison mailing system on January 25, 2022.[1] Doc. 1 at 12. Movant alleges that he received ineffective assistance of counsel during the pretrial stages of his case and during sentencing. Doc. 1 at 4-5. On February 9, 2022, the Government filed the present motion to dismiss asserting that Movant's habeas motion was untimely. The Government notes that Movant was sentenced on November 12, 2020, and he did not file an appeal, so his judgment became final on November 27, 2020, when his time to appeal expired. Movant had one year from that date in which to file a habeas motion under 28 U.S.C. § 2255, so he was required to file his motion on or before November 29, 2021,[2] but he did not mail his motion until January 25, 2022. Following the Government's motion to dismiss, the Court entered an order directing Movant to show cause why his habeas motion should not be dismissed as time-barred. Doc. 3. Movant was given 30 days in which to submit a written response. His response was due by March 24, 2022.

On March 1, 2022, the Court received a document titled "Response in Opposition to United States of America's Motion to Dismiss Petitioner's Untimely Motion to Vacate, Set Aside, or Correct Sentence." Doc. 4. In this response, Movant objects to the Government's contention that his conviction became final on November 27, 2020. Doc. 4 at 2. Instead, he argues that, because he "was not in present federal custody until he self-surrendered on February 4, 2021," that date "is the time from which the one-year deadline must run." To support this proposition, Movant refers

---

[1] Under the prison mailbox rule, a motion under 28 U.S.C. § 2255 is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). Movant dated his motion February 25, 2022. This was plainly an error, as the Court received the motion January 27, 2022. Based on the mailing envelope reflecting two-day shipping, the Court assumes that movant actually mailed his motion on January 25, 2022.

[2] One year from November 27, 2020 is Saturday, November 27, 2021. However, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, the one-year limitations period expired on Monday, November 29, 2021. *See* Fed. R. App. P. 26(a)(1)(C).

to "Rule 1 of the Rules Governing Section 2255 Proceedings and Advisory Committee Note." Movant interprets this rule to mean that if he "is attacking a federal judgment which will subject him to future custody, he must be in present custody as the result of a state or federal governmental action." In short, Movant contends that he was not in custody until he self-surrendered, and that the Government "knows this, but would rather attempt to time bar [him] from prosecuting his meritorious claims." He argues that the Government's position is "misplaced and flawed according to the Rules Governing Section 2255 Proceedings," and that he "need not show cause why his motion to vacate is not time barred and grant dismissal unless he is able to do so." Movant asserts that he "has already shown cause and the government has wasted the Court's valuable time with this erroneous claim." Doc. 4 at 2-3.

## Discussion

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### B. Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days. Fed. R. App. P. 4(b)(1).

In this case, Movant was sentenced on November 12, 2020, after which he had 14 days to file an appeal. However, as November 26, 2020 fell on Thanksgiving, Movant had until the following day to file a notice of appeal, which he did not do. Thus, Movant's judgment became final on November 27, 2020, after which Movant had one year in which to timely file his habeas motion under 28 U.S.C. § 2255(f)(1). That period ended on November 29, 2021, but Movant did not file the instant motion until January 25, 2022, i.e., 57 days later. Therefore, the motion is untimely.

### C. Movant's Response

Before dismissing a case for untimeliness, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As such, the Court ordered Movant to show cause in writing and within thirty days as to why his 28 U.S.C. § 2255 motion should not be dismissed as time barred.

On March 1, 2022, the Court received Movant's response, titled "Response in Opposition to United States of America's Motion to Dismiss Petitioner's Untimely Motion to Vacate, Set Aside, or Correct Sentence." In the response, he argues that because he self-surrendered on February 4, 2021, his statute of limitations did not begin running until that date. Since he filed his 28 U.S.C. § 2255 motion within one year of February 4, 2021, he asserts that his motion is timely. To support this proposition, movant refers to Rule 1(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, stating that "[i]f the movant is attacking a federal judgment which will subject him to future custody, he must be in present custody as the result of a state or federal government action." Movant's argument is unpersuasive.

Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides the "scope" of these motions. The language Movant references provides that a habeas motion can be filed by "a person in custody under judgment of a state court or another federal court, and subject to future custody under a judgment of the district court." In other words, a state prisoner may challenge a federal sentence under § 2255 even if the federal sentence has not yet commenced. *See Jackson v. United States*, 423 F.2d 1146, 1149 (8th Cir. 1970).

This section of Rule 1 is not applicable to Movant's situation. Rule 1 does not govern the timeliness of habeas motions. Instead, as previously discussed, timeliness is governed by § 2255(f), providing a one-year "period of limitation" that "shall run from the latest of…the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). Contrary to movant's suggestion, nothing in § 2255(f) indicates that the statute of limitations only begins to run once a movant has entered actual physical custody.

Movant does not allege that his motion is timely under any other provision of 28 U.S.C. § 2255(f). He also does not provide any basis on which the doctrine of equitable tolling might be

applied. *See Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) ("The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). Indeed, "confusion about or miscalculations of the limitations period" is not adequate "to warrant equitable tolling." *See United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). *See also United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling").

Because the finality of Movant's judgment is governed by 28 U.S.C. § 2255(f), and because he did not file the instant motion within a year of the date on which his judgment became final, the motion must be dismissed as untimely.

### D.  Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss is **GRANTED**. Doc. 2.

**IT IS FURTHER ORDERED** that Movant Eric White's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as untimely.  *See* 28 U.S.C. § 2255(f).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 6th day of April 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE